IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:09-CV-23645-WMH

CARLES CONSTRUCTION, INC.
a Florida corporation, REINALDO
CARLES, and MARIA C. CARLES,

      Plaintiffs,

v.

TRAVELERS CASUALTY &
SURETY COMPANY OF AMERICA,
a foreign corporation,

      Defendants.

_____/

**TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT, OR IN THE
ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT, AND
INCORPORATED MEMORANDUM OF LAW**

      Defendant, Travelers Casualty & Surety Company of America ("Travelers"), through its

undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6) and 12(e), files this Motion to

Dismiss, or in the Alternative, Motion for More Definite Statement. In support of its motion,

Travelers states as follows:

      1.      On or about November 3, 2009, Plaintiffs, Carles Construction, Inc., Reinaldo

Carles, and Maria C. Carles, filed a Complaint in the Circuit Court for Miami-Dade County,

Florida, Civil Case No. 09-80605 CA 15, styled <u>Carles Construction, Inc., Reinaldo Carles, and</u>

<u>Maria C. Carles vs. Travelers Casualty Insurance Company of America.</u>

2.      Travelers received the Notice of Service of Process on or about November 10, 2009, and on December 4, 2009, Travelers timely and properly removed the Complaint to this Court.

3.      Counts I and II of Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted.

4.      Count I of the Complaint is titled "Breach of Contract."  A properly pled cause of action for breach of contract must allege 1) a valid contract; 2) a material breach; and 3) damages.  *Kaloe Shipping Co. Ltd. v. Goltens Service Co., Inc.*, 315 Fed. Appx. 877, 880 (11th Cir. 2009) citing *Beck v. Lazard Freres & Co.*, 175 F.3d 913, 914 (11th Cir.1999).

5.      Plaintiffs' failed to plead the required elements for a claim for breach of contract. Specifically, Plaintiffs did not identify, describe, or otherwise establish a valid contract or agreement between Travelers and Plaintiffs, let alone any specific duty or obligation purportedly owed by Travelers to Plaintiffs.

6.      Notwithstanding Plaintiffs failure to plead the necessary elements for a breach of contract claim, Travelers is unable to decipher Plaintiffs' vague, ambiguous and conflicting terminology in order to assert a proper defense.

7.      For example, Plaintiffs provide in paragraph 18 of the Complaint that "Travelers has breached its *surety agreement* with [only one Plaintiff] Carles Construction." (Emphasis added). The term "surety agreement" is not defined or referenced anywhere else in the Complaint, and the alleged "surety agreement" is not attached as an exhibit. The prayer for relief reflects an alleged "bond contract," and requests relief according to this unidentified "bond contract," yet fails to identify, describe or provide any indication whatsoever regarding the terms, parties to, or obligations contained in the alleged "bond contract."

8.      The only documents defined in the Complaint are two specific bonds issued by Travelers, defined by Plaintiffs as the "Quantum Bond" and "Brickell Bond," in paragraphs 10 and 13.  However, the Plaintiffs did not allege that Travelers breached any obligations under these bonds, or if these bonds are the "surety agreement" or "bond contract." Although found in Count II of the Complaint, Plaintiffs also use the phrase "bond contracts, including the indemnity agreement" in paragraph 26.

9.      Thus, looking only to the four corners of the Complaint, Plaintiffs acknowledge the existence of two separate bonds, and an indemnity agreement (albeit only in Count II), none of which are identified as the "surety agreement" or "bond contract."  Based upon the allegations of the Complaint as currently pled, it is impossible for Travelers to determine what Plaintiffs are referring to as the "surety agreement" or "bond contract," and as a result, Plaintiffs have failed to plead a "valid contract" that Travelers allegedly breached.

10.     The prosecution and defense of an action for breach of contract is inherently dependent upon the language of agreement that the Plaintiffs claim was breached. Accordingly, Travelers is unable to adequately defend this action without knowing what instrument Plaintiffs claim it has breached. Even assuming Plaintiffs are referring to the bonds when they use the term "bond contract" and an indemnity agreement when the use the term "surety agreement," a bond and an indemnity agreement are separate and distinct agreements containing different duties and obligations flowing by and between Travelers, Plaintiffs, and third-parties.  *See Liberty Mutual Insurance Company v. Aventura Engineering & Construction Corp.*, 534 F. Supp. 2d 1290 (S.D. Fla. 2008).

11.     As drafted, Plaintiffs' Complaint is so vague and ambiguous that Travelers cannot reasonably be required to frame a responsive pleading.

12.     Count II of the Complaint is styled "Declaratory Relief."  To state a claim upon which relief can be granted, Plaintiffs must allege: 1) that there is a bona fide, actual, present practical need for the declaration; 2) that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; 3) that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; 4) that there is some person or persons who have, or reasonably may have an actual present adverse and antagonistic interest in the subject matter, either in fact or law; 5) that the antagonistic and adverse interests are all before the court by proper process or class representation; and 6) that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.  *See May v. Holley*, 59 So. 2d 636, 639 (Fla. 1952).

13.     Count II of the Complaint fails to plead any of the elements required for sustaining an action for declaratory relief.  Moreover, Plaintiffs appear to use a cause of action titled as "Declaratory Relief" for nothing more than a court order or judgment granting Plaintiffs the same relief requested in the improperly pled count for breach of contract.

WHEREFORE, Defendant, Travelers Casualty and Surety Company of America, respectfully requests this Court to enter an Order dismissing Plaintiffs' Complaint in its entirety, or in the alternative requiring Plaintiffs to provide a more definite statement of facts, and for such other relief as this Court deems just and proper.

## **MEMORANDUM OF LAW**

## **I.     STANDARD ON MOTION TO DISMISS**

On a motion to dismiss, the well-pled factual allegations of the complaint are generally accepted as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Roberts v. Florida Power*

& *Light Co.*, 146 F. 3d 1305, 1307 (11th Cir. 1998), cert. denied, 525 U.S. 1139 (1999). However, "[a]s a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss." *South Florida Water Management District v. Montalvo*, 84 F. 3d 402, 408, n.10 (11th Cir. 1996). In addition, to withstand a motion to dismiss, a complaint must allege "facts sufficiently setting forth the essential elements of [each] cause of action." *Elger v. Martin Memorial Health System, Inc.,* 6 F. Supp. 2d 1351, 1353 (S.D. Fla. 1998). Rule 8(a) (2) of the Federal Rules of Civil Procedure requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 78 S. Ct. 99 (1957)); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n. 43 (11th Cir. 2008). Although a complaint need not include detailed factual allegations, it must contain sufficient factual allegations, which, when taken as true, "raise a right to relief above the speculative level." *Id.* at 1964-65.

Rule 12(e) of the Federal Rules of Civil Procedure allows a party to move for a more definite statement if a pleading is "so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading ..." A motion for more definite statement "is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." *Aventura Cable Corp. v. Rifkin/Narragansett South Florida CATV Ltd. Partnership,* 941 F. Supp. 1189, 1195 (S.D. Fla. 1996); *see also S.E. C. v. Digital Lightwave, Inc.,* 196 F.R.D. 698, 700 (M.D. Fla. 2000) (touchstone for Rule 12(e) motion is unintelligibility, not lack of detail). Indeed, "[a] motion for a more definite statement will only be required when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in

good faith or without prejudice to himself." *Campbell v. Miller*, 836 F. Supp. 827, 832 (M.D. Fla. 1993) (citations omitted).

**II.    COUNT I OF THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Plaintiffs titled Count I of their Complaint "Breach of Contract."  It is well-settled that the elements of a breach of contract claim are "(1) a valid contract; (2) a material breach; and (3) damages." *Kaloe Shipping Co. Ltd. v. Goltens Service Co., Inc.*, 315 Fed. Appx. 877, *3 (11th Cir. 2009) citing *Beck v. Lazard Freres & Co.*, 175 F.3d 913, 914 (11th Cir.1999).  Plaintiffs' Complaint fails to properly plead each of these elements.

Although Plaintiffs' Complaint must plead "a valid contract," Plaintiffs failed to identify what contract Travelers allegedly breached or attach the alleged contract to its Complaint.  In the "General Allegations Common to All Counts" section of the Complaint, Plaintiffs do not reference a single contract that Plaintiffs entered into with Travelers.  The only times Travelers and one of the Plaintiffs are even linked to the same document occur in paragraphs 10 and 13, wherein Plaintiffs merely provide that Travelers issued a bond on behalf of Carles Construction. To make matters more confusing, Plaintiffs allege in paragraph 18 that Travelers breached its "surety agreement," yet provide in the WHEREFORE clause that Carles Construction seeks reasonable attorneys fees pursuant to the terms of the "bond contract."

Plaintiffs failed to define "surety agreement", failed to define "bond contract," and failed to attach any alleged contract or agreement to their Complaint that might shed light on Plaintiffs' intent.  Plaintiffs' failure to define or identify the terms "surety agreement" and "bond contract" make it impossible for Travelers to respond to the Complaint with any degree of certainty because Travelers does not know what document, or documents, Plaintiffs claim that Travelers breached.

Second, even assuming Plaintiffs properly pled "a valid contract," which Travelers denies, a plain reading of the four corners of the Complaint establishes that Plaintiffs likewise failed to allege the "material breach" element.  In paragraph 18 of the Complaint, Plaintiffs merely allege that "Travelers has breached its surety agreement with Carles Construction …." However, Plaintiffs failed to identify what portions of the "surety agreement," whatever the "surety agreement" may be, that Travelers breached.   In paragraph 19 of the Complaint, Plaintiffs also allege that "Travelers has disregarded its obligations…."  Again, Plaintiffs fail to identify what obligations Travelers allegedly breached, as well as the identity of the document(s) where those obligations reside.

Thirdly, as to damages, Plaintiffs simply assert that "… Carles Construction has been damaged" in paragraph 19, yet in the WHEREFORE clause, request "*special damages* consisting of the lost claim against Facchina …."  (Emphasis added). Both the Federal and Florida Rules of Civil Procedure require a plaintiff to specifically plead its alleged special damages.  *See* Rule 9(g), Fed. R. Civ. P. ("If an item of special damage is claimed, it must be specifically stated."); Rule 1.120(g), Fla. R. Civ. P. ("When items of special damage are claimed, they shall be specifically stated.").   Further, this Court recognized that a plaintiff's request for special damages was insufficiently pled under Rule 9(g) when the prayer for relief simply made a conclusory demand for special damages, much like Plaintiffs' prayer for relief here. *Schwartz v. NCL (Bahamas), Ltd.*, 2009 WL 1591230, *1 (S.D. Fla. 2009). In fact, in *Schwartz*, this Court reasoned that "As the claim for special damages is currently pled, it does not indicate the amount of special damages sought or specify which allegations in his complaint support this claim."  *Id*. Accordingly, this Court held that "the claim for special damages fails to comply with Rule 9(g) and must be repled."  *Id*. (citations omitted).

Just like the plaintiff in *Schwartz*, Plaintiffs here failed to properly plead special damages by failing to indicate the amount of special damages, failing to specify which allegations in its complaint support the claim, or otherwise *specifically* pleading their claim for special damages in accordance with the rules of civil procedure.

Plaintiffs were required to plead: 1) "a valid contract" with Travelers, 2) that Travelers materially breached an obligation of the alleged contract; and 3) its alleged entitlement to special damages.  Since Plaintiffs failed to properly plead all three elements of a breach of contract claim, Count I fails to state a claim upon which relief may be granted, and this Court should grant Travelers' motion to dismiss.

**III.   <u>COUNT II OF THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED</u>**

Count II of Carles' Complaint is titled "Declaratory Relief" pursuant to Chapter 86 of the Florida Statutes.  The elements of a claim for Declaratory Relief are as follows:

1. that there is a bona fide, actual, present practical need for the declaration;

2. that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts;

3. that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts;

4. that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law;

5. that the antagonistic and adverse interests are all before the court by proper process or class representation; and

6. that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.

*May v. Holley,* 59 So. 2d 636, 639 (Fla. 1952); *Transportation Cas. Ins. Co. v. Soil Tech Distributors, Inc.*, 966 So. 2d 8, 9-10 (Fla. 4th DCA 2007).  Besides reciting some alleged facts in paragraphs 20 through 25, which Travelers denies, Carles merely provided that "The Plaintiffs need judicial intervention in order to determine the parties' obligations under the bond contracts, including the indemnity agreement."  Complaint at ¶26.  Plaintiffs did not even attempt to allege the six elements necessary to maintain an action for declaratory relief.  For this reason alone, Count II of Plaintiffs' Complaint should be dismissed.

Further, although Plaintiffs improperly pled a cause of action that is titled "Declaratory Relief," but which requests in the WHEREFORE clause a judicial determination that Travelers "is in default of the bond agreements and of the indemnity agreement" and as a result "that this Court declare Travelers account to Plaintiff Carles Construction for the valid claims that Carles Construction had against Facchina."  Thus, Plaintiffs impermissibly attempt to disguise a breach of contract claim, which Plaintiffs failed to properly plead in Count I, as a claim for declaratory relief in Count II.  As one Florida court provided,

> One who seeks a declaratory judgment is generally not seeking to enforce a claim against the defendant; rather, he is seeking a judicial declaration as to the existence and effect of a relationship between himself and the defendant. The effect of the judgment, therefore, **unlike a judgment for the payment of money or damages**, is not to merge the cause of action in the judgment but to make res judicata only the matters actually declared by the judgment, thus precluding the parties to the litigation or their privies from relitigating those matters.

*North Shore Realty Corp. v. Gallaher*, 99 So. 2d 255, 256-257 (Fla. 3d DCA 1957) (Emphasis added).

Thus, pursuant to *Gallaher*, if Plaintiffs' claim for declaratory relief regarding Travelers' alleged default is permitted to proceed as pled, the effect of a declaration would arguably be res

judicata in this case, or a future case, for breach of contract on the issue of material breach. Similarly, the effect of a declaration requiring Travelers to account to Plaintiff would arguably be res judicata on the issue of damages. Both of these prayers for relief evidence a veiled attempt to disguise a breach of contract claim in the count for declaratory relief. Even more egregious is that neither prayer for relief is proper or permissible in an action for declaratory relief.

The defects in Plaintiffs' alleged cause of action for declaratory relief do not end there. Plaintiffs' prayer for relief is fraught with requests and facts not present or related to anything alleged in Count II. For example, Plaintiffs requested that the Court "declare that the Plaintiffs are not obligated to indemnify Travelers for its settlement with Facchina," yet Count II fails to even allege that Travelers made a demand for Plaintiffs for indemnification. Consequently, Plaintiffs request relief regarding an alleged obligation to indemnify without pleading the facts related to the alleged obligation. This is contrary to the first three elements of a claim for declaratory relief, which require an actual need for a declaration, a state of facts related to the controversy, and an immunity, power, privilege or right of a party that is dependent on the facts or the law applied to the facts. Accordingly, Count II of Plaintiffs' Complaint should be dismissed.

## IV.    CONCLUSION

Counts I and II of Plaintiffs' Complaint fail to state a cause of action upon which relief can be granted. Specifically, Plaintiffs fail to properly allege all necessary and required elements for a cause of action for breach of contract in Count I, and fail to plead any elements for declaratory relief in Count II. Furthermore, Plaintiffs improperly attempt to disguise a breach of contract claim, which Plaintiffs failed to properly plead in Count I, as a claim for declaratory

relief in Count II.  As drafted, Plaintiffs complaint is so vague and ambiguous that Travelers cannot reasonably be required to frame a responsive pleading.  Accordingly, Plaintiffs case should be dismissed, or in the alternative, Plaintiffs should be required to provide a more definite statement of facts so Travelers can reasonably form its response.

/s/ Brandon J. Held
E.A. "SETH" MILLS, JR., ESQ.
Florida Bar No. 339652
smills@mpdlegal.com
BRANDON J. HELD, ESQ.
Florida Bar No. 0044132
bheld@mpdlegal.com
MILLS PASKERT DIVERS
100 N. Tampa Street, Suite 2010
Tampa, Florida 33602
(813) 229-3500 - Telephone
(813) 229-3502 - Facsimile
*Attorney for the Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 11, 2009, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner to those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

/s/ Brandon J. Held
Attorney

**SERVICE LIST**
<u>Carles Construction Inc., et al. v. Travelers Casualty and Surety Company of America</u>
CASE NO. 1:09-CV-23645-WMH
United States District Court, Southern District of Florida

**J. Alfredo Armas, Esq.**
Alvarez, Armas & Borron, P.A.
901 Ponce de Leon Boulevard, Ste. 304
Coral Gables, Florida  33134
Telephone: (305) 461-5100
alfred@aablawfirm.com
*Served via CM/ECF*