UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23645-CIV-HOEVELER

CARLES CONSTRUCTION, INC., a Florida
corporation, REINALDO CARLES, and
MARIA C. CARLES,

    Plaintiffs/Counter-Defendants,

v.

TRAVELERS CASUALTY & SURETY
COMPANY OF AMERICA, a foreign corporation,

    Defendant/Counter-Plaintiff.

_____/

TRAVELERS CASUALTY & SURETY
COMPANY OF AMERICA, a foreign corporation,

    Third Party Plaintiff,

v.

CARLES MANAGEMENT, INC.,

    Third Party Defendant.

_____/

## ORDER GRANTING MOTION TO DISQUALIFY COUNSEL

This Cause comes before the Court on the Defendant's Motion to Disqualify Kerry Lewis and the law firm of Elder & Lewis, P.A., as counsel for the Plaintiffs/Counter-Defendants and Third Party Defendant. The Court heard argument from counsel on this issue on August 8, 2011.

## BACKGROUND

Plaintiffs, a general contracting firm and its owners, entered into agreements with general contractor Facchina-McGaughan, LLC ("Facchina"), for Plaintiffs to serve as subcontractors (providing concrete formwork) on two construction projects (for condominium projects Brickell on the River II and Quantum on the Bay). Facchina was issued a payment bond by St. Paul Fire and Marine Insurance Company, which reportedly later was sold to Travelers Casualty & Surety Company of America ("Travelers"). When Facchina failed to pay Plaintiffs, Plaintiffs sued Facchina and Travelers, regarding the Brickell on the River II project, and sued Facchina alone on the Quantum on the Bay project.

In both those suits, Carles Construction was represented by Kerry Lewis of Elder & Lewis, P.A. Prior to beginning work on the construction projects, Carles Construction had obtained a bond from Travelers, in the amount of $12,558,000, guaranteeing performance to Facchina on behalf of Carles Construction. After Carles sued Facchina, Facchina filed a counterclaim against Carles for alleged construction defects and delays, claiming damages in excess of Carles Construction's initial demand for payment.

As Travelers had issued a bond necessarily implicated in the dispute between Carles Construction and Facchina, Travelers had an interest in the

outcome of the underlying suits and, indeed, had been included as a defendant in the action relating to the Brickell on the River II project. A tolling agreement was reached among all parties to those two suits, and the suits ultimately were resolved in 2009 by a settlement agreement - the terms of which are attacked by Plaintiffs herein.[1]

When the current case was filed against Travelers, alleging breach of contract against Travelers related to the settlement of the underlying suits, Plaintiffs were represented by Jose Alfredo DeArmas. Mr. DeArmas represented Plaintiffs until irreconcilable differences arose between counsel and his clients; after this Court permitted Mr. DeArmas to withdraw, Kerry Lewis filed a notice of appearance in this matter in October 2010.

Travelers objects to Ms. Lewis and her firm, Elder & Lewis, P.A., representing Plaintiffs in this matter because Ms. Lewis had access to confidential and privileged communications with Travelers during the underlying litigation (from 2007-2009), such that her representation of Carles in this action against Travelers represents a conflict under Florida Bar rules.

---

[1] Plaintiffs claim that Travelers, the surety for Facchina and Carles Construction on both construction projects, breached the surety agreement by agreeing to settle all claims from Carles Construction against Facchina and Travelers for no remuneration. In other words, Carles Construction's large claim against the general contractor Facchina and the contractor's surety, Travelers, was settled by Travelers - despite Travelers acknowledgement that Carles Construction's claims exceeded any counterclaims that Facchina might have had. Apparently Travelers agreed to set-off Carles Construction's claims against Travelers to satisfy the claims made by Facchina against Travelers (as Carles Construction's surety).

Travelers also notes that Ms. Lewis and her firm represented Travelers with respect to another claim brought in 2008 as to the payment bonds issued to Carles Construction. In <u>Shore/Form Systems, Inc. v. Travelers</u>, a subcontractor of Carles Construction sued Travelers under the payment bond which had been issued to Carles Construction. Carles Construction had claimed to be unable to pay its own subcontractor because Carles itself had not been paid by Facchina. Ms. Lewis appeared on behalf of Travelers and filed an Answer and several discovery requests in that litigation. Ms. Lewis does not dispute that her firm represented Travelers in that matter, but argues that it was only to defend against a subcontractor's claim and that the interests of Carles Construction and Travelers were aligned in that matter.

## ANALYSIS

Rule 4-1 of the Rules Regulating The Florida Bar governs the client-lawyer relationship. Specifically, Rule 4-1.7 provides that a lawyer shall not represent a client if the representation of a client will be directly adverse to another client. This apparent conflict can be overcome in certain circumstances when each affected client gives informed consent to the representation and other conditions are present. Rule 4-1.7(b). As to former clients, a lawyer shall not represent another client in the same or a substantially related matter in which the client's interests are materially adverse to the interests of the former client unless the former client gives

4

consent. Rule 4-1.9.

Defendant argues that because Ms. Lewis effectively represented Travelers in relation to the suits brought by Carles Construction against Facchina, that Ms. Lewis cannot now represent Carles Construction in this action filed against Travelers. Moreover, Travelers argues that Ms. Lewis's direct representation of Travelers in the Shore/Form Systems matter included discussion of a defensive strategy and other communications within the attorney-client relationship.

Carles Construction and its counsel Ms. Lewis argue that Travelers was never Ms. Lewis's client in connection with the Facchina disputes, but rather that any representation of Travelers by Ms. Lewis was merely incidental to representation of Carles Construction and occurred only when the bond issuer's interests were aligned with Carles Construction. However, it is undisputed that Ms. Lewis and a representative of Travelers, John Dugan, had multiple conversations about the pending litigation filed by Carles Construction against Facchina implicating the Travelers-issued bonds.

In addition, Ms. Lewis admits that her firm represented Travelers in the Shore/Form Systems matter, as noted above, but argues that such matter is not "substantially related" such that disqualification is required according to Rule 4-1.9. The Court disagrees, and finds that the defense of Travelers in 2008 as to a claim brought pursuant to the bond issued to Carles, at the same

5

time while the Carles-Facchina matters were pending, is substantially related to the present claim for breach of the surety agreement. Travelers has not consented to Ms. Lewis' representation of Plaintiffs, and this Court finds that such representation - particularly when considered with the communications between Ms. Lewis and Travelers during the Carles-Facchina matters - presents a conflict of interest necessitating Ms. Lewis' disqualification. The Florida Bar also makes it clear that such conflict of interest is imputed to Ms. Lewis' entire firm. Rule 4-1.10(a).

While there is no evidence to suggest that Ms. Lewis intentionally entertained a position in violation of the Bar rules, a strict view of the parties' positions reveals that the situation presented the possibility of conflict. As the Court has determined that Kerry Lewis and the law firm of Elder & Lewis, P.a., are disqualified from representing Plaintiffs/Counter-Defendants and Third Party Defendant in this matter, it is

ORDERED AND ADJUDGED that the motion to disqualify counsel is GRANTED. Plaintiffs/Counter-Defendants/Third Party Defendant shall have thirty (30) days in which to obtain new counsel.

DONE AND ORDERED in Chambers in Miami this 19th day of August 2011.

*/s/ William M. Hoeveler*
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT COURT JUDGE

Copies furnished:
  Kerry H. Lewis
  E.A. Mills, Jr.